IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALFREDA GARNETT, | ) |
| Plaintiff, | ) ) ) ) |
| v. | )  Civ. No. 05-295-SLR ) |
| IRS, and LINDA BAKER, | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The plaintiff, a <u>pro se</u> litigant, has filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.

**I.  STANDARD OF REVIEW**

When reviewing pauper applications, the court must make two separate determinations.  First, the court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915.  Based on the information provided in the plaintiff's <u>in forma pauperis</u> affidavit, the court concludes that the plaintiff has insufficient funds to pay the requisite filing fee and grants her request to proceed <u>in forma pauperis</u>.

Second, the court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).  When reviewing complaints pursuant to 28 U.S.C. §

1915(e)(2)(B), the court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). Thus, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that as used in § 1915(e)(2)(B), the term "frivolous," when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1] Consequently, a claim is frivolous within the

---

[1] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

2

meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.  For the reasons discussed below, plaintiff's discrimination claim has no arguable basis in law or in fact, and shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's claim or claims asserted under the Internal Revenue Code shall be dismissed without prejudice; to the extent that plaintiff is requesting injunctive relief regarding the assessment or collection of taxes, this court lacks jurisdiction to grant such request.

## II.   DISCUSSION

### A.   The Complaint

Plaintiff filed this complaint on May 15, 2005, and alleges as follows:

> I have been disabled since 1985.  I have been of [sic] disability from a very severe stroke.  I have not earned an earned income since 1985.

(D.I. 2 at para. 9)  Plaintiff further alleges that the defendants' conduct is discriminatory with respect to her race, color, sex, religion, and national origin.  (Id. at para. 10) Plaintiff requests the following relief:

> ... that I pay for the years 1996/1998/ 2000 out of my disability check.  I did sign but I did not know that I should have not signed.

(Id. at para. 11)

### B. Analysis

Plaintiff's complaint is unclear. It appears that plaintiff is attempting to assert a claim against the defendants under the Internal Revenue Code. (Id. at para. 9); See 26 U.S.C. § 7433; 26 U.S.C. § 1346(a)(1); 26 U.S.C. §§ 6511, 7422; or, 26 U.S.C. §§ 6213, 6214. However, it also appears that plaintiff is attempting to bring a Bivens action against defendant Baker for discrimination. (Id. at para. 10); See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Finally, it is unclear whether plaintiff is requesting injunctive relief regarding the assessment or collection of taxes. (Id. at para. 11); See 28 U.S.C. § 7421(a).

#### 1. Plaintiff's Claims Under the Internal Revenue Code

To the extent that plaintiff is attempting to assert a claim or claims under the Internal Revenue Code, her complaint shall be dismissed without prejudice. "Federal Rule of Civil Procedure 8 requires every complaint to include a 'short and plain statement of the claim showing that the pleader is entitled to relief' and that 'each averment of a pleading be simple, concise, and direct.'" Karim-Panahi v. U.S. Congress, U.S. App. LEXIS 14633 *6-7 (D.C. Cir. July 14, 2004)(quoting Fed. R. Civ. P. 8(a) and 8(e)(1)). The complaint as presented in this case not only makes it difficult for defendants to file a responsive pleading, but it also makes it difficult for the court to conduct orderly

litigation.  See Crenshaw v. Antokol, 2005 U.S. Dist. LEXIS 5504 * 12 (N.D. Ind. Mar. 29, 2005)(citing Vicom v. Harbridge Merchant Servs., 20 F.3d 771, 775-76 (7th Cir. 1994)).

Plaintiff's complaint is distinguishable from the complaint in Alston v. Parker, 363 F.3d 229 (3d Cir. 2004).  In that case, the Third Circuit found that the complaint "arguably" complied with Rule 8, but also recognized that it lacked "clarity," and "yielded varied interpretations."  Alston v. Parker, 363 F.3d at 234.  In this instance, plaintiff's claims are too vague to be subject to any coherent interpretation.  Consequently, to the extent that plaintiff is attempting to raise a claim or claims under the Internal Revenue Code in her complaint, she has not presented a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Therefore, the court shall dismiss these claims without prejudice.

### 2.  Plaintiff's Discrimination Claim

To the extent that plaintiff is attempting to bring a Bivens action against defendant Baker, her claim must fail.  The United States Court of Appeals for the Third Circuit has held that "a damages remedy should not be inferred against an IRS agent pursuant to Bivens for alleged constitutional violations because Congress has created an extensive scheme providing remedies to a plaintiff complaining of the conduct of government officials in

connection with tax assessments and collections." <u>Shreiber v. Mastrogiovanni</u>, 214 F.3d 148, 149 (3d Cir. 2000)(internal citations omitted).  <u>See</u> <u>also</u> <u>Haas v. Schalow</u>, 1998 U.S. App. LEXIS 32654 *9 (7th Cir. Wis., 1998)("Congress has created an exclusive, comprehensive administrative scheme created to resolve tax-related disputes, and the provision of this statutory scheme precludes a <u>Bivens</u> claim in the present action."); <u>Dahn v. United States</u>, 127 F.3d 1249, 1254 (10th Cir. 1997)("Indeed, we have held that, in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to <u>Bivens</u> actions."); <u>Vennes v. An Unknown No. Agents</u>, 26 F.3d 1448, 1453 (8th Cir. 1994)(upholding dismissal of <u>Bivens</u> action against I.R.S. agents for tax assessment and collection activities); <u>Wages v. IRS</u>, 915 F.2d 1230, 1235 (9th Cir. Alaska, 1990)(The courts have "never recognized a constitutional violation arising from the collection of taxes."); and, <u>Trimble v. United States</u>, 1994 U.S. App. LEXIS 16179 * 4 (6th Cir. Mich., 1994)("The collection of taxes simply does not establish a constitutional violation.").  Consequently, to the extent that plaintiff is attempting to raise a <u>Bivens</u> claim against defendant Baker, her claim rests on an "inarguable legal conclusion" and is frivolous.  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. at 326.  Therefore, the court shall dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 3. Plaintiff's Request for Injunctive Relief

To the extent that plaintiff is requesting injunctive relief regarding either the assessment or collection of taxes, the Anti-Injunction Act, 28 U.S.C. § 7421, deprives this court of jurisdiction to enter such relief. See Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 404 (4th Cir. 2003). The Anti-Injunction Act states in relevant part that

> no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

The "overarching objective" of the Anti-Injunction Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." Judicial Watch, Inc. v. Rossotti, 317 F.3d at 404 (quoting Bob Jones University v. Simon, 416 U.S. 725, 736 (1974)). Consequently, "[t]he effect of the Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes." Id. at 405 (citing Estate of Michael v. M.J. Lullo, 173 F.3d 503, 506 (4th Cir. 1999)).

NOW THEREFORE, at Wilmington this 14th day of July, 2005, IT IS HEREBY ORDERED that:

1. The plaintiff's motion to proceed in forma pauperis

(D.I. 1) is granted.

2. To the extent that plaintiff is attempting to raise a claim or claims under the Internal Revenue Code, she has failed to present a "short and plain statement of the claim[s] showing that [she] is entitled to relief." Therefore, such claim or claims shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a)(2).

3. To the extent that plaintiff is attempting to raise a Bivens claim against defendant Baker, her claim is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and shall be dismissed.

4. To the extent that plaintiff is requesting injunctive relief regarding the assessment or collection of taxes, this court lacks jurisdiction to grant such relief. See 26 U.S.C. § 7421(a).

5. The clerk of the court shall mail a copy of this memorandum order forthwith to the plaintiff.

_____
UNITED STATES DISTRICT JUDGE